THOMAS J. HAGADORN, APPELLANT, *v.* JOHN W. HART, AS SHERIFF OF THE COUNTY OF ALBANY, AND OTHERS, RESPONDENTS.

*Equity — a deficiency judgment cannot be used to the injury of prior judgment-creditors — set-off by an executor against a devisee, of a debt due his testator — a debt not in judgment cannot, as against creditors of the devisee, be so set off.*

One John Hagadorn died in 1885 and left a will by which he devised certain premises to his wife and two minor children. By the residuary clause of the will he left the rest of his property to his two sons, Thomas J. and Wilbur S.

The testator, at the time of his death, held four mortgages on property in Schuyler county belonging to Wilbur S., upon the first one of which only Wilbur S. was personally liable.

John Hagadorn had no debts. His executor foreclosed these mortgages, and although the proceeds of sale would have satisfied the first mortgage they were, in fact, applied to the payment of the others, and the executor obtained a deficiency judgment upon the first mortgage, under which he sold to Thomas J. lands in Albany county which had passed to Wilbur S. under the residuary clause of his father's will. Judgment-creditors of Wilbur S., prior in time to the deficiency judgment, having attempted to sell the interest of Wilbur S. in the Albany county lands, this action was brought by Thomas J. to restrain them from so doing.

*Held,* that the action could not be maintained.

That the judgments of the creditors of Wilbur S. had a preference both in law and in equity.

That whatever might be the reason for applying the proceeds of the sale realized upon the foreclosure of the four mortgages in the manner stated, neither Wilbur S. nor the executor of John Hagadorn could use the deficiency judgment to defeat the claims of the creditors of Wilbur S.

That as John Hagadorn had no debts one-half of the four mortgages would have passed under the will to Wilbur S., and hence no reason existed for the foreclosure.

That the case was not similar to the position of an executor who attempts to set off a debt due his testator against a legacy under his will; that if the executor had such a right, he had not transferred it to Thomas J.

That a debt, not in judgment, due to a testator at his death from a devisee, was not a lien on the land devised as against a judgment recovered against such devisee.

APPEAL by the plaintiff Thomas J. Hagadorn from a judgment of the Supreme Court, entered in the office of the clerk of Albany county on the 6th day of February, 1891, dismissing the complaint and dissolving a preliminary injunction after a trial at the Albany Circuit by the court, with notice of an intention to bring up for review upon such appeal the exceptions to the findings of fact, the exceptions to refusals to find facts, the exceptions to the findings of law, and the exceptions to refusals to find conclusions of law.

*J. H. Clute,* for the appellant.

*W. L. Norton,* for the respondents.

LEARNED, P. J.:

This is an appeal by the plaintiff from a judgment dismissing the complaint on the merits upon a trial before the court without a jury. The action was brought to restrain the sale of certain premises under two executions against Wilbur S. Hagadorn, in the hands of the defendant Hart, as sheriff of Albany county. The plaintiffs in the judgments in which the executions were issued are parties defendant.

John Hagadorn died March 8, 1885, having previously made his will. By this will, after a devise to his wife for her use and for the benefit of two minor children, he gave and devised all the rest of his property, after payment of debts, to his two sons, Wilbur S. Hagadorn and Thomas J. Hagadorn, the present plaintiff, to be equally divided between them, share and share alike. The testator

was seized in fee at his death of the premises described in the complaint situated in Albany county. These are not the premises devised to the wife. They passed under the residuary clause above-mentioned to Wilbur S. and Thomas J. The two judgments above-mentioned were duly recovered and were docketed in Albany county, one on February 19, 1886, the other on February 23, 1886.

John Hagadorn at the time of his death held four mortgages on a farm belonging to Wilbur S. Hagadorn in Schuyler county. These were foreclosed by Tanner, the executor of John Hagadorn's will, and a judgment of foreclosure was entered June 22, 1886, for $20,002.75. The premises were sold under that judgment October 15, 1886, for $7,250. Wilbur S. was personally liable only on the first of these four mortgages, and a judgment for deficiency was entered against him in that action in favor of the executor for $6,823.25 the amount of that first mortgage, which judgment was docketed in Albany county November 22, 1886. Thus the avails of the foreclosure sale must have been, in some unexplained way, applied to the mortgages other than the first. No reason for this is given. On that judgment for deficiency the executor issued an execution, and by virtue thereof the sheriff of Albany county on the 13th of January, 1887, sold the interest of Wilbur S. in the premises described in the complaint for about $3,000 to Thomas J. Hagadorn, the present plaintiff. A sheriff's deed of the interest of Wilbur S. in said premises was duly executed to the present plaintiff, and was recorded July 7, 1888, and the present plaintiff went into possession. The sheriff returned said execution satisfied as to $3,008.45 and unsatisfied as to $3,814.85, which last sum remains unpaid. The present plaintiff now seeks to prevent the judgment-creditors aforesaid of Wilbur S. from selling the interest of Wilbur S. in said premises on their execution, although their judgments were docketed several months prior to the docketing of the judgment under which he obtained his title. The plaintiff's claim is that the judgment in favor of the executor of John Hagadorn had a preference in equity, so far as effects any property which came to Wilbur S. from the estate of said John.

The plaintiff seeks to establish a priority contrary to the statute on the ground of equity. One objection to this arises on the very judgment under which plaintiff claims. There were four mortgages

on the same property; all foreclosed in the same action; Wilbur S. was liable personally only on the first. The avails of the foreclosure sale were, of course, first applicable on the earliest mortgage. So applied, there could have been no deficiency against him. By what right the avails were otherwise applied, we do not see. If by Wilbur's consent, then he consented to a judgment against himself when there was no indebtedness. It would be inequitable that he or the executor should use such a judgment as an equitable ground of depriving honest creditors of their legal liens. The transaction may have been intended for some such purpose.

There is another difficulty. It does not appear that John Hagadorn owed any debts. If this were so, then, on a division of the residue of the estate, one-half of the mortgages held by the estate against Wilbur's farm would go to Wilbur himself. The same would be true if there had been enough other property to pay the debts. Why, therefore, a foreclosure should have been had is not apparent. But it is urged by the plaintiff that the interests of Wilbur S. in the land inherited are subject to the debt owing by him to the estate. We have already seen that there was no valid debt owing by him to the estate after the foreclosure sale. And even if there were, the plaintiff bought, according to his own position, only Wilbur's interests in the land. That is just what the defendant's judgment-creditors desire to sell. And they have the prior liens. The plaintiff is no better off than any other judgment-creditor. He does not stand in the position of the executor, attempting to set off a debt against a legacy. If the executor had any such right, he did not transfer it when he sold, under judgment and execution, all the interests of Wilbur S.

The plaintiff cites the well-known doctrine that a debt due the testator from a legatee is to be applied in satisfaction, so far as may be, of the legacy. But that has no application here. The executor held a claim against Wilbur S. to the amount of the first mortgage. He did not attempt to set that debt off against any legacy. On the contrary, he collected the debt and received full payment by the foreclosure sale. There was then nothing to set off. And even if the plaintiff urges that the judgment of deficiency, improperly obtained, shows a debt owing by Wilbur S. to the estate, which may

still be set off against Wilbur's share in the devised land, still the plaintiff, as the purchaser on the sale under the judgment, has no right to insist on this set-off as against other judgment-creditors, intending to sell the same land and having prior liens thereon.

We are not here to consider any possible questions between Thomas J. Hagadorn, as devisee of an undivided interest in the testator, and Wilbur S., or some person who may have acquired Wilbur's undivided interest in the same land. That is not before us. We may, however, refer to the case of *Smith* v. *Kearney* (2 Barb. Ch., 533, 549). There it was held, that while the right of the executor is well settled to retain part or the whole of a legacy, in discharge of a debt owing from the legatee, yet that this rule did not apply to the proceeds of real estate descended to the debtor from the creditor. The real estate in that case was not converted into personal by the will of the testator. Its conversion was accidental. Much more strongly, then, it might be said that the rule did not apply to real estate not converted at all. But, as above stated, that question is not before us. The plaintiff insists that a debt not in judgment, owing the testator at his death from one of the devisees, is a lien on the devise as against a judgment recovered against the devisee. We see no authority for such a doctrine. The title to land devised or descended passes at once to the devisee or heir. It becomes subject to judgments recovered against the devisee or heir for his debts, and such judgments take priority according to the time of docketing. The case of *Pierce* v. *Alsop* (3 Barb. Ch., 184) is quite similar in principle to the present case and sustains the views we have above stated.

The judgment must be affirmed, with costs.

LANDON and MAYHAM, JJ., concurred.

Judgment affirmed, with costs.